IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Brenda Fudge, | ) | Case No. 2:13-cv-01840-CWH |
|     Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Sentinel Office Payroll Corp and Sentinel Real Estate Corporation, | ) | |
|     Defendants. | ) | |

The plaintiff, Brenda Fudge (the "plaintiff"), filed this action against the defendants, Sentinel Office Payroll Corp and Sentinel Real Estate Corporation (the "defendant"), on July 3, 2013, advancing claims based on her race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967, as well as claims for wrongful discharge in violation of public policy and breach of contract. (Compl. ¶¶ 38-91).

On September 17, 2014, the defendant filed a motion for summary judgment as to each of the plaintiff's claims. (ECF No. 41). The plaintiff filed a response in opposition to the motion for summary judgment (ECF No. 45), and the defendant filed a reply thereto (ECF No. 46). As this matter invokes federal statutes that proscribe unfair discrimination in employment, it was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R") in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Pursuant to the Magistrate Judge's May 6, 2015 instruction, the defendant and the plaintiff filed briefs regarding federal jurisdiction over the state law claims if the Court granted summary judgment on the federal claims. (ECF Nos. 50 & 51).



On May 29, 2015, the Magistrate Judge issued an R&R recommending that the defendant's motion for summary judgment be granted as to all federal claims and that the plaintiff's state law claims be dismissed without prejudice. (ECF No. 52). The Magistrate Judge specifically advised both parties of the procedures and requirements for filing objections to the report and the serious consequences if they failed to do so. On June 15, 2015, the plaintiff filed her objections to the R&R, referring the Court to her prior submissions and contending that "several significant issues that we submit [sic] . . . were not taken into proper consideration." (ECF No. 53, at 1). On June 24, 2015, the defendant filed its reply to the plaintiff's objections. (ECF No. 54).

The Magistrate Judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no "presumptive weight[,]" and the responsibility to make a final determination remains with the Court. Id. at 271. The Court may "accept, reject, or modify, in whole or in part," the recommendation made by the Magistrate Judge or "recommit the matter to the [M]agistrate [J]udge with instructions." 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the report of the Magistrate Judge to which a specific objection is made. Id.

The Court has closely reviewed the plaintiff's objections and has found them all, save one, to be so general and non-specific as not to be reviewable.[1] See Nichols, 2015 WL 1185894,

---

[1] In addition, the plaintiff's objections rehash her arguments already made before the Magistrate Judge. Courts have found that objections that merely rehash arguments previously raised and addressed by the magistrate judge are insufficient to direct the court to a specific error in the magistrate judge's R&R. See e.g., Baker v. Colvin, Civil Action No. 6:14-cv-240, 2015 WL 3562164, at *3 (D.S.C. June 5, 2015) (citing Nichols v. Colvin, ---F. Supp. 3d ---, Civil No. 2:14cv50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that rehashing arguments raised to the magistrate judge does not comply with the requirement to file specific objections); Campbell v. Hammett, Civil Action No. 7:13-1701-BHH, 2015 WL 1519640, at *1 (D.S.C. Mar. 30, 2015) ("The objections mostly rehash arguments that the Magistrate Judge has already considered and rejected. Because the court agrees with the Magistrate Judge's treatment of those issues, it need not discuss them further here."); Missouri v. Custodian, Greenville Cnty. Det. Ctr.,



at *8 (E.D. Va. Mar. 13, 2015) (citation omitted) ("Because Plaintiff failed to make specific and particularized objections, the Court finds de novo review unnecessary."); Weber v. Aiken-Partain, C/A No. 8:11-cv-02423-GRA, 2012 WL 489148, at *1 (D.S.C. Feb. 15, 2012) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (alteration in original) ("'Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's [R&R].'")); Burt v. Hale, Civil Action No. 3:09-3343-SB, 2011 WL 4479539, at *3 (D.S.C. Sept. 26, 2011) (citations omitted) (The court need only conduct a de novo review of the R&R to which a specific objection is made. A specific objection must specifically identify a portion of the R&R and the basis for the objection.); Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted) ("A party's general objections are not sufficient to challenge a magistrate judge's findings."). Therefore, with respect to the objections that fail to reach the requisite level of specificity, the Court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted) (internal quotation marks omitted).

To the extent the Court has identified one specific issue, the plaintiff "objects to the [Magistrate Judge's] determination that she has proffered no direct evidence that her race or national origin was a motivating factor in her termination." (See Pl.'s Resp. in Objection to R&R 5). In support of this claim, she cites to her own deposition testimony and recites her own opinion, just as she did in her response to the motion for summary judgment. (Id.). It is well

---

Civil Action No. 8:14-35-MGL-JDA, 2014 WL 4536735, at *1 (D.S.C. Sept. 9, 2014) (holding that because the Court agrees with the Magistrate Judge's analysis, it will not discuss the petitioner's objections that merely rehash the arguments already considered and rejected by the Magistrate Judge).



settled that a plaintiff's own opinions and assertions, without further support, are insufficient to establish a prima facie case of discrimination. See Mackey v. Shalala, 360 F.3d 463, 469-70 (4th Cir. 2004) ("A plaintiff's own self-serving opinions, absent anything more, are insufficient to establish a prima facie case of discrimination."); Hawkins v. PepsiCo, Inc., 203 F.3d 274, 281 (4th Cir. 2000) (citation omitted) (internal quotation marks omitted) ("[A] plaintiff's own assertions of discrimination in and of themselves are insufficient to counter substantial evidence of legitimate nondiscriminatory reasons for an adverse employment action."); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996) ("While a Title VII plaintiff may present direct or indirect evidence to support her claim of discrimination, unsupported speculation is insufficient."). The Court agrees with the Magistrate Judge that the plaintiff did not provide sufficient evidence. Even if sufficient evidence were provided, the Court agrees with the Magistrate Judge that the defendant met its burden of showing a legitimate, non-discriminatory reason for its actions and the plaintiff failed to provide evidence outside of her own opinion and deposition testimony that the defendant's actions were pretextual. Therefore, this objection is without merit.

After reviewing the record of this matter, the applicable law, and the R&R of the Magistrate Judge, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts and incorporates the R&R (ECF No. 52) by reference in this Order. The defendant's motion for summary judgment (ECF No. 41) is granted as to all federal claims, and the plaintiff's state law claims are dismissed without prejudice.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

September 25, 2015
Charleston, South Carolina